IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              No. CR 09-2059 BB

ROBERT A. WARREN,

        Defendant.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING MOTION FOR LOCAL INSANITY EVALUATION

**THIS MATTER** is before the Court on the motion of the United States for an insanity evaluation [doc. 61]. The Court has reviewed the briefs of the parties and allowed counsel to raise the matter at the scheduling conference held on February 8, 2010, and finds the Government is entitled to have Defendant examined by a psychiatrist or psychologist on an outpatient basis.

*Discussion*

*Facts*

Defendant Robert Warren is a 70-year old, retired attorney who lives with his wife in Santa Fe, New Mexico. Defendant is charged with downloading and viewing child pornography in violation of 18 U.S.C. §§ 2252 and 2256. On October 19, 2009, Defendant filed a notice of the defense of insanity pursuant to Federal Rule of Criminal

Procedure 12.2.  Defendant has already been examined by a local psychologist chosen by defense counsel.  The Government has now requested Defendant be committed to the custody of the Attorney General for a psychiatric examination pursuant to 18 U.S.C. §§ 4242 and 4247.

    A.    *Mental Exam*

All parties agree the Government is entitled to have its own mental examination of Defendant.  The Government would like to have Defendant incarcerated and sent to Butner, North Carolina, for the evaluation.  In the context of psychological evaluations under § 4242, the Tenth Circuit Court of Appeals has held that to satisfy due process, the Government must identify "'sufficiently compelling' reasons to justify detaining the defendant during [his] examination."  *United States v. Deters*, 143 F.3d 577, 583 (10th Cir. 1998) (the detainment of a defendant for a mental evaluation involves "heightened, substantive due process scrutiny" requiring "compelling governmental interest to justify such action").  The Government has not provided any evidence of need to have Defendant incarcerated and shipped across the continent when there are a myriad of psychiatrists and psychologists in the Santa Fe-Los Alamos-Albuquerque area.  In the absence of such evidence, Defendant should not be incarcerated for such an examination.  *United States v. Visinaiz*, 96 Fed. Appx. 594 (10th Cir. 2004); *United States v. Weed*, 184 F. Supp. 2d 1166, 1172 (N.D. Okla. 2002); *United States v. Krauth*, 2010 WL 428969 (N.D. Iowa); *United States v. Gomez-Borges*, 91 F. Supp. 2d 477, 478 (D.P.R.

2000). Indeed, it is not even clear this Court has the authority to order a custodial examination. *Visinaiz*, slip op. at 7.

      B.     *Defense Counsel has no Right to Participate in the Government's Examination*

Defense counsel requests that he have a live video feed of the examination and that the examination be recorded. Defendant argues this procedure "would protect the defendant's Sixth Amendment and Fifth Amendment rights." (Def.'s Resp. p. 8). Defendant has no constitutional right to have his attorney present in person or by video feed at such a psychiatric examination. *Riles v. McCotter*, 799 F.2d 947, 954 (5th Cir. 1986); *United States v. Bondurant*, 689 F.2d 1246, 1249 (5th Cir. 1982); *United States v. Fell*, 372 F. Supp. 2d 753 (D. Vt. 2005); *United States v. Fletcher*, 329 F. Supp. 160, 161 (D.D.C. 1971). This is because Defendant's statements cannot be used under Rule 12.2 against the accused on the issue of guilt. *United States v. Stockwell*, 743 F.2d 123, 127 (2d Cir. 1984); *United States v. Fell*, 372 F. Supp. 2d at 760; *United States v. Sampson*, 335 F. Supp. 2d 166, 247 (D. Mass. 2004). This Court does, however, have the authority to order an audio or video tape recording be made to assist the Court, if necessary, in resolving any future disputes regarding the procedure. *United States v. Fell, supra; United States v. Polouizzi*, 2007 WL 1040923 (E.D.N.Y.).

**O R D E R**

**Defendant shall report to any psychologist or psychiatrist within 100 miles of his home at any reasonable time designated by the Government. The Government is ordered to make an audio tape of any and all mental evaluations.**

**SO ORDERED this 23rd day of February, 2010.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**