IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.   No. CR 09-2059 BB

ROBERT A. WARREN,

        Defendant.

## MEMORANDUM OPINION
## IN SUPPORT OF
## ORDER DENYING MOTION TO SUPPRESS

**THIS MATTER** is before the Court on Defendant's Motion to Suppress Evidence [doc. 32]. The Court having reviewed all submissions of counsel and held an evidentiary hearing on April 27, 2010, finds the motion should be Denied.

### *Discussion*

### *Facts*

On June 16, 2008, FBI Special Agent ("SA") James E. Kraus, Jr., swore upon an affidavit before Chief Magistrate Judge Lorenzo F. Garcia in order to secure a search warrant for the home of Defendant, Robert Warren, located at 3116 Vista Sandia, Santa Fe, New Mexico. Agent Kraus indicated that his affidavit was based on "investigation, information provided by other FBI agents, other personnel specially trained in the seizure and analysis of computers and electronic media," as well as his

own FBI experience. Agent Kraus further noted, "Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation." (Affidavit ¶ 3). Agent Kraus then spent several pages providing background on the connection between computers and child pornography. In paragraph 21, Agent Kraus affirmed:

> 21.    Other common sources of child pornography which are available on the Internet, and rapidly becoming more prevalent, are web sites specifically dedicated to child pornography. These sites may openly advertise and many are fee based and charge a monthly membership fee for access to the site. In many instances, these sites accept payment via credit card, though some require the use of an online payment service such as PayPal or eGold. In the last year alone, such sites have been identified that have thousands of paying members. One such site, referred to below, was [www.supernewsite.com,](www.supernewsite.com) which appeared to have a membership of approximately 2500. Other sites have been identified, based or hosted in various countries, which have had memberships numbering several thousand.

He further averred:

> 23.    In July, 2006, the New Orleans Division of the FBI identified a child pornography web site, [www.supernewsite.com,](www.supernewsite.com) which was a pay-for-use site that offered subscribers numerous child pornography photos. This site utilized a payment form, directly accessible from the web page, which an interested individual utilized to make payment for membership and thus obtain access to the site. The investigation determined that payment was actually made through another Internet site, [www.pirmel.net.](www.pirmel.net)
>
> 24.    SA C.M. Christopherson of the New Orleans Division obtained federal search warrants for supernetsite.com and pirmel.net. SA Christopherson examined datastores obtained from the website pirmel.net.  SA Christopherson previously decoded the page [www.supernewsite.com/j.html](www.supernewsite.com/j.html) and noted that individuals attempting to

**purchase a membership to www.supernewsite.com submitted their payment information to http//pirmel.net/form_ny/xot_2.php.**

**Affiant then referenced Defendant's involvement by noting that Defendant Warren repeatedly attempted to access what was advertised as a "new kiddy porn site" established by the FBI. This site further advertised "no kiddies over 14 on our site" and subfiles captioned "daddy teach daughter about sex" and "young girls tied up." Agent Kraus further swore that:**

> **37.   Your affiant has consulted with SA Sonny Garcia, Albuquerque Office of Immigration and Customs Enforcement (ICE) concerning Robert Warren. SA Garcia provided that Robert Alderrique Warren, Social Security account number XXX-XX-3207, telephone number (505) 984-8495, residing at 3116 Vista Sandia, Santa Fe, NM 87506-8526, has been identified in several prior ICE investigations concerning child pornography web sites.**
>
> **38.   Specifically, SA Garcia provided that, Immigration and Customs Enforcement (ICE), the Office of the Resident Agent in Charge, Albuquerque, New Mexico, (RAC/AL) received information from numerous investigations by various ICE investigation offices throughout the United States concerning Robert Warren, a resident of Santa Fe, New Mexico, purchasing or attempting to purchase access to websites known to contain child pornography. Between 2002 and 2006, investigations into websites that offer individuals the opportunity to purchase memberships in order to access the child pornography contained on those sites, revealed that an individual identifying himself as Robert Warren, residing at 3116 Vista Sandia, Santa Fe, NM 87501, with an e-mail address of raWarren@rt66.com or derick38@comcast.net, had used credit cards to purchase or attempt to purchase memberships on at least nineteen (19) occasions.**

## I.     *The Affidavit is Sufficiently Particular*

Defense counsel attacks the Kraus affidavit on the basis of "the affidavit's failure to particularize information to Defendant Warren's case." (Br. in Supp. p.2). As noted above, the Kraus affidavit initially discusses generally the use of computer websites by, and the psychological profile of, those who collect and share child pornography. However, it also specifically linked Defendant to illicit websites. Using the IP addresses found on pirmel.net as the billing site for *inter alia* supernewsite.com, "a pay-for-use site that offered subscribers numerous child pornography photos" (Aff. ¶ 23), the FBI set up a sting site. The faux FBI site was prominently advertised as a "new kiddy porn site" with "no kiddies over 14 on our site." (Aff. ¶ 27). Defendant attempted to access this site nine times in late October 2007. (Aff. ¶ 33). Moreover, Defendant had been "identified in several prior ICE investigations concerning child pornography websites." (Aff. ¶ 37). "Between 2002 and 2006, investigations into websites that offered individuals the opportunity to purchase memberships in order to access the child pornography contained on those sites, revealed that an individual identifying himself as Robert Warren, residing at 3116 Vista Sandia, Santa Fe, NM 87501, with an e-mail address of raWarren@rt66.com or derick38@comcast.net, had used credit cards to purchase or attempt to purchase memberships on at least nineteen (19) occasions."  (Aff. ¶ 38). The affidavit is thus sufficiently specific in identifying

Defendant as someone who had repeatedly either accessed or attempted to access child pornography websites.

II.     *The Affidavit is Sufficient to Support a Finding of Probable Cause*

The level of evidentiary certainty required for probable cause is significantly lower than that necessary at trial. *United States vs. Ventresca*, 380 U.S. 102, 108 (1965); *United States vs. Soderstrand*, 412 F.3d 1146, 1153 (10th Cir. 2005). "Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision." *Illinois vs. Gates,* 462 U.S. 213, 235 (1983). Therefore, a magistrate judge is only required to "make a practical, common sense decision whether ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. Given the relatively low height of the probable cause bar, several courts have upheld findings of probable cause for computer searches on affidavits with similar or even less specificity. See, e.g., *United States vs. Jameson*, 2010 WL 1379817 (10th Cir.); *United States vs. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006); *United States vs. Martin*, 426 F.3d 68, 74-76 (2d Cir. 2005); *United States vs. Froman*, 355 F.3d 882, 890 (5th Cir. 2004); *United States vs. Hutto*, 84 Fed. Appx. 6 (10th Cir. 2003).

Based on the above cases, it is clear that it is not necessary that Agent Kraus meet Defendant's proposed standard "that Defendant Warren was known to have attempted to use or indeed ever used any of these techniques to receive, possess, or

5

distribute child pornography." (Def.'s Mot. p. 2). Indeed, if Defendant were "known to have violated the law," Agent Kraus would have not just probable cause but a prima facie case at trial. However, "the quanta of proof appropriate in ordinary judicial proceedings are inapplicable to the decision to issue a warrant." *United States vs. Soderstrand*, 412 F.3d at 1153. The Kraus affidavit establishes that Defendant Warren had repeatedly accessed child pornography sites in the past, was found on a billing site associated with the supernewsite and attempted to access at least nine times the clearly illegal faux kiddy porn site established by the FBI. As the Fifth Circuit concluded in *Froman*:

> The search warrant at issue here was directed at 303 Eagle, Pasadena, Texas, a location at which a computer identified as having been used to subscribe to the Candyman Group was located.... The affidavit establishes that the Candyman Group's purpose was to trade child pornography among its members. It was common sense to conclude that images of child pornography would be located on the computer and related equipment and accessories. The affidavit also establishes that persons who receive child pornography usually keep it and also receive it from many sources. It was also common sense that a person who is a member of a group involved in the collection of child pornography would have child pornography from a number of sites. There was probable cause for the issuance of the search warrant.

355 F.3d at 889.

As Defendant points out, there is no direct evidence in the affidavit that Defendant knowingly downloaded or transmitted child pornography. There is, however, substantial recitation regarding "[n]umerous investigations by law enforcement agents [who] have indicated that it is probable that those who utilize pay

child pornography sites are found, when their computers/digital media and premises are searched, to have child pornography downloaded digitally and/or in printed form and in their possession." (Aff. ¶ 22). When combined with the above information, "it is also common sense that a person who is a member of a group involved in the collection of child pornography would have child pornography." 355 F.3d at 889.

## III.     *The Affidavit is Not Recklessly Misleading*

Defendant contends the affidavit is misleading in that it "implies the supernewsite was[1] dedicated to child pornography. The Court conducted a *Franks*[2] hearing on April 27, 2010, but Defendant adduced no evidence that the supernewsite was not dedicated to child pornography. At the hearing on the motion to suppress, however, the Government's computer expert, Jon Hill, testified that the "purpose of the supernewsite was child pornography."  (Tr. 40). Mr. Hill also testified that while he could not link the Defendant directly to supernewsite because the site had been dismantled, he did find evidence that Defendant had used its billing site pirmel.com repeatedly. As defense counsel note, pirmel may also have been used for other websites, but this does make the affidavit materially misleading especially since affiant swore Defendant had appeared in several prior ICE investigations of child pornography and also attempted to access the FBI kiddy site.  (Tr. 273; Aff. ¶ 38).  *See United States vs.*

---

[1]    At the suppression hearing, Agent Kraus testified the supernewsite had been dismantled by the time ICE penetrated the pirmel.com billing records.

[2]    *Franks vs. Delaware*, 438 U.S. 154 (1978).

7

*Colonna*, 360 F.3d 1169, 1173 (10th Cir. 2004); *Pierce vs. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004) (affidavit upheld where probable cause established when falsified evidence deleted).

Defendant also alleges the affidavit "makes a critical omission, however, as it failed to inform the Chief Magistrate Judge that simply browsing the Internet to view child pornography is not a crime." (Def.'s Mot. Supp. p. 7, emphasis in original). The Court finds it hard to imagine that any federal magistrate is going to rely on an FBI agent to define a criminal act and this is certainly true of a jurist as experienced as Chief Judge Garcia. *Cf. Bailey vs. Superior Court*, 11 Cal. App. 4th 1107 (Cal. App. 1992) (officer's opinion not relevant to validity of warrant).

Finally, Defendant argues that "the affidavit's allegation that Defendant Warren had a criminal history involving sexual abuse was recklessly false." (Def.'s Mot. p. 27). It also seems likely that the falsely reported prior conviction for sexual abuse in the first degree, albeit 40 years earlier, would likely have had some influence on Judge Garcia's decision given the nature of the offense being investigated. Nor does the Kraus affidavit accurately convey what the New York criminal records actually portrayed. The New York records reflected the arrest of a Robert Warren also born in 1939, but on a different day in a different month. Given that the agent doing the search knew Defendant was a licensed attorney in New York, it was certainly negligent not to take

**the easy steps to investigate further before attesting this crime was committed by this Defendant.**

**While the false reporting of such a relevant arrest is in no way to be condoned, it does not affect the disposition of this motion. A misstatement in the search warrant affidavit that is the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, does not invalidate a warrant.** *United States vs. Colonna*, **360 F.3d at 1174. Moreover, false or misleading statements in an affidavit are material only when probable cause is dependent upon such statements.** *United States vs. Colonna*, **360 F.3d at 1173;** *Kaiser vs. Lief*, **874 F.2d 732, 734 (10th Cir. 1989). Such false statements should be excised and the warrant is then invalid only if the magistrate judge could not have found probable cause in the absence of the false material.** *Pierce vs. Gilchrist*, **359 F.3d at 1293;** *United States vs. Snow*, **919 F.2d 1458, 1460 (10th Cir. 1990). As noted above, the sworn testimony that Defendant Warren's IP address had shown up repeatedly in prior ICE investigations of child pornography, that his IP address was found in pirmel.com and that he repeatedly tried to access the clearly advertised FBI faux child pornography site established** *in toto* **are sufficient to sustain a reasonable belief "that there [was] a fair probability" that Defendant had stored child pornography in the computer at 3116 Vista Sandia, Santa Fe, New Mexico.** *Illinois vs. Gates*, **462 U.S. at 238.**

9

## *Conclusion*

For the above stated reasons, Defendant's Motion to Suppress Evidence must be Denied.

_____
**BRUCE D. BLACK**
**United States District Judge**