IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

   Prosecution,

                    Case No. 09-CR-2059 BB

v.

ROBERT A. WARREN,

   Defendant.

## MEMORANDUM OPINION

  This matter comes before the Court on the Defendant Robert Warren's motion to dismiss portions of the indictment as multiplicitous under the Double Jeopardy Clause of the Fifth Amendment (Doc. 31).  For the following reasons, Mr. Warren's motion is held in abeyance.

### Factual and Procedural Background

  Mr. Warren has been charged with child-pornography-related[1] offenses as the result of the FBI's execution of a search warrant at his home on July 18, 2008.  During the search, the FBI seized evidence from two of Mr. Warren's hard drives.  The Government alleges that each hard drive contained prohibited pornographic images.  Based on this evidence, the Government filed an indictment charging Mr. Warren with seven counts under 18 U.S.C. § 2252.  Counts One through Five allege that he received child pornography in violation of 18 U.S.C. § 2252(a)(2).

---

 [1] In the interest of concision, the Court uses "child pornography" to denote the visual depiction of a minor engaging in sexually explicit conduct, as prohibited by 18 U.S.C. § 2252. The Court is aware that 18 U.S.C. § 2256(8) defines the term "child pornography," but the Court's usage should not be read to adhere to that definition.  Rather, the Court simply uses the term "child pornography" here because it is much shorter than saying "the visual depiction of a minor engaging in sexually explicit conduct."

Counts Six and Seven allege that he possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

In response to the Indictment, Mr. Warren makes three arguments.  First, he argues that Double Jeopardy prohibits convictions for both "receiving" and "possessing" child pornography.  The crux of this argument is that possession is a lesser-included offense of receipt and that—because lesser- and wholly-included offenses are considered to be part of the including-offense—Mr. Warren is being charged twice for the same act.  Thus, according to Mr. Warren, punishment for both receipt (Counts One through Five) and possession (Counts Six and Seven) would violate Double Jeopardy.

Next, Mr. Warren argues that one of the two possession counts (Counts Six and Seven) should be dismissed because, under the statutory language, only one count of possession can arise from an individual's possession of "one or more" prohibited images, regardless of how many hard drives were involved.

Finally, Mr. Warren argues that Counts Two and Four and Three and Five are multiplicitous—meaning, in essence, that they charge a defendant twice for relatively contemporaneous conduct that forms parts of the same act.   Because the Double Jeopardy Clause prohibits multiplicitous charges, *see, e.g., United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006), Mr. Warren asks this Court to dismiss one of each pair of counts—*either* Count Two or Four *and either* Count Three or Five.

Mr. Warren asks that his requested dismissals take place before trial.

**Analysis**

Found in the Fifth Amendment, the Double Jeopardy clause provides, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  Double Jeopardy has been read to prohibit both "successive prosecutions for the same offense after acquittal or conviction" and the imposition of "multiple criminal punishments for the same offense." *Monge v. California,* 524 U.S. 721, 727-28 (1998).

Mr. Warren's concerns revolve around the latter—namely that he may receive multiple criminal punishments for the same offense or, at least, the same conduct.  But the imposition of punishment is not afoot for Mr. Warren and, because he is innocent unless and until proven otherwise, he may never be subjected to any punishment at all.  Given, *inter alia*, the possibility that the defendant will be acquitted on one or more counts, district courts have the discretion to hold off on deciding Double-Jeopardy questions until it becomes necessary. *See, e.g., United States v. Johnson,* 130 F.3d 1420, 1426 (10th Cir.1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court.")*; U.S. v. Patterson*, 2009 WL 1255448, *4 (D.N.M. 3/3/09) ("When confronted with a multiplicitous indictment, a trial court has the discretion to dismiss the multiplicitous counts or to require the government to elect between the multiplicitous counts before trial, or to vacate one of the multiplicitous convictions after trial.").

The Court exercises its discretion to do so here.  The indictment, in its present form, is unlikely to confuse the jury and presents little danger that the jury will find Mr. Warren guilty of some charges simply because of the volume of counts leveled.  Each count will require the Government to prove specific facts.  For each of Counts One through Five the Government will

endeavor to prove, *inter alia*, that Mr. Warren received a specific file on a specific date; for each of Counts Six and Seven, the Government will endeavor to prove that Mr. Warren possessed at least one specific file on a specific drive on June 18, 2009 (the date on which the warrant was executed). Given the factual dependency of each Count charged, proof of one is unlikely to satisfy the jury with regard to another.

Moreover, the Court will be aided in its consideration of Mr. Warren's Double-Jeopardy arguments by the presentation of evidence. If, for instance, the Government's case relies on the same conduct for more than one Count, some of Mr. Warren's Double-Jeopardy arguments will carry more weight. Conversely, if each Count rests on separate and distinct activity, some will be less convincing. Regardless, the Court will be better positioned to evaluate any possible risks to Mr. Warren's rights after the presentation of evidence.

Finally, this Court emphasizes its reticence to reach Mr. Warren's constitutional arguments before it has to. Courts should not "anticipate a question of constitutional law in advance of the necessity of deciding it." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936) (Brandeis, J. concurring) (citing *Liverpool, N.Y. & Phila. Steamship Co. v. Emigration Commissioners*, 113 U.S. 33, 39 (1885)). Where, as here, no party is prejudiced by the tabling of a constitutional issue and the delay may well alleviate the need to reach it, courts are well-advised to take a wait-and-see approach. This Court does so here.

## Conclusion

Accordingly, Mr. Warren's motion to dismiss is held in abeyance until such time as it is necessary to decide it.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE