IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        Prosecution,

                                                           Case No. 09-CR-2059 BB

v.

ROBERT A. WARREN,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the Defendant Robert Warren's motion to declare unconstitutional the mandatory-minimum sentencing provision of 18 U.S.C. § 2252(b). For the following reasons, Defendant's motion is held in abeyance.

**Factual and Procedural Background**

Defendant has been charged with five counts of receiving child pornography[1] and two counts of possession of child pornography, under 18 U.S.C. § 2252. If Defendant is convicted of any or all of the "receiving" offenses, he faces a mandatory minimum sentence of five years' imprisonment. *See* 18 U.S.C. § 2252(b)(1) (whoever violates § 2252(a)(2) "shall be ... imprisoned not less than 5 years and not more than 20 years ..."). Defendant contends this mandatory minimum amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Therefore, he asks the Court to declare unconstitutional that aspect of the sentencing provisions of 18 U.S.C. § 2252.

---

[1] In the interest of concision, the Court uses the term "child pornography" to denote the visual depiction of a minor engaging in sexually explicit conduct, as prohibited by 18 U.S.C. § 2252.

**Discussion**

Defendant vigorously argues that a minimum five-year sentence is unconstitutionally disproportionate to the receiving offenses he is accused of committing. The Government argues just as vigorously in opposition to Defendant's motion. The Court, however, is constrained to point out an issue that neither party has addressed, arising out of the fact that Defendant has not yet been, and may never be, tried or convicted of any offense. As discussed below, this fact renders Defendant's motion premature at this time. Put another way, the question is not currently ripe for a decision.

"Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995). Where a defendant does not assert that he has suffered or is about to suffer a particular punishment, his Eighth Amendment claim is premature and not ripe for review. *See United States v. Williams*, 128 F.3d 1239, 1242 (8th Cir. 1997). In particular, if a defendant has not yet been tried or convicted, courts generally refrain from addressing an Eighth Amendment challenge to the sentence the defendant might possibly receive if he is ever actually convicted. *See, e.g., United States v. Agriprocessors, Inc.*, 2009 WL 2255728 (N.D. Iowa 2009, unpublished) (defendants are presumed to be innocent, and it would be premature for court to rule on constitutionality of a possible sentence before trial); *United States v. Pfeifer*, 206 F.Supp.2d 1002, 1009 (D. S.D. 2002) (inasmuch as defendant had yet to be found guilty, much less sentenced, his Eighth Amendment argument was premature; it would be impossible to conduct the necessary proportionality review prior to trial, conviction, and sentencing).

A few courts have allowed pretrial challenges to sentencing matters, although the challenges were not grounded in the Eighth Amendment.  In the late 1980's, after the federal sentencing guidelines first became law, a number of defendants attempted to challenge the constitutionality of the guidelines as violating due process, the separation of powers, or other constitutional doctrines.  Some of these challenges were brought prior to trial, and some courts considered them despite this fact.  *See, e.g., United States v. Smith*, 713 F.Supp. 1315, 1317 (D. Minn. 1989); *United States v. Perez*, 685 F.Supp. 990, 993 (W.D. Tex. 1988).  The courts did so for several reasons.  First, as a matter of public policy it was necessary to decide the constitutional question expeditiously, to facilitate early review of that issue by the appellate courts, because the question was a close call that was creating a quandary for district courts.  *See Perez.*  Second, the issues raised were purely legal issues that were fit for judicial decision.  *Id.*  Finally, the defendants in those cases required a decision on their challenges to enable them to make intelligent decisions regarding a plea.  *Id.; Smith.*

None of the above factors are present with respect to Defendant's Eighth Amendment challenge in this case.  Defendant has not demonstrated the existence of any substantial controversy over the facial constitutionality of the mandatory five-year minimum sentence.  No authority has been cited indicating that any court has determined the mandatory minimum to be facially invalid.  The only support Defendant has mustered for his argument is contained in statements discussing the mandatory minimum as it was applied to a particular defendant facing particular circumstances.  *See, e.g., United States v. Polizzi*, 549 F.Supp.2d 308, 359, 364 (E.D. N.Y. 2008) (finding five-year minimum cruel punishment with respect to that defendant, but not constitutionally disproportionate).  Such an as-applied challenge, however, limited as it is to a

specific defendant's situation, does not raise public-policy issues that require immediate resolution.[2]  Furthermore, as-applied challenges are heavily dependent on the facts that might be developed at trial or during the sentencing phase, which means they do not raise a purely legal issue that is fit for judicial resolution.  Finally, Defendant has given no indication that he needs an immediate resolution of this question in order to make an intelligent decision regarding a plea.[3]  For these reasons, the Court will apply the general ripeness rule to this case, and hold the Eighth Amendment challenge in abeyance until Defendant is facing impending imposition of the mandatory minimum sentence, should that ever come to pass.

The Court notes its decision to take this course of action is bolstered by the proposition that courts should be reticent to address constitutional arguments before it becomes necessary to do so.  Courts should not "anticipate a question of constitutional law in advance of the necessity of deciding it."  *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936) (Brandeis, J. concurring) (citing *Liverpool, N.Y. & Phila. Steamship Co. v. Emigration Commissioners*, 113

---

[2]The Court notes that Defendant's motion, since it requests a declaration, could be construed as a facial challenge to the mandatory minimum.  However, a central argument made by Defendant is that given his particular circumstances – his advanced age as well as his alleged medical and emotional difficulties – a minimum sentence of five years would violate the Eighth Amendment.  This reliance on the specific facts of Defendant's case renders his challenge an as-applied one rather than a facial attack.

[3]In any event, the Court has certain reservations about the idea that an ordinarily non-ripe issue can be considered ripe merely because resolution of the issue will assist one of the parties in its litigation strategy.  To the extent Defendant believes his plea decision will be affected if he knows whether the mandatory minimum is likely to be struck down on its face as a violation of the Eighth Amendment, the Court would point out that facial challenges to statutes are rarely successful, at least outside the First Amendment context.  *See, e.g., United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010) ("The Supreme Court takes a dim view of facial challenges to Congressional enactments."); *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 (10th Cir. 2006) (to succeed on a facial challenge a party must show, at a minimum, that the challenged law would be invalid in the vast majority of its applications).

U.S. 33, 39 (1885)). There appears to be little benefit to deciding the facial validity of the mandatory minimum at this point in the proceedings, before Defendant has even been tried. Moreover, the constitutionality of the mandatory minimum as it may be applied to Defendant depends on a number of factors that have not yet been established through trial or otherwise. Where, as here, no party is prejudiced by the tabling of a constitutional issue and the delay may well alleviate the need to reach it, courts are well-advised to take a wait-and-see approach.

## Conclusion

Based on the foregoing, the Court finds it is premature to address the issue of the constitutionality of the mandatory minimum sentence established by § 2252. Accordingly, Defendant's motion to declare that provision unconstitutional is held in abeyance until such time as it is necessary to decide it.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE