IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                 Case No. 09-CR-2059 BB

    v.

ROBERT A. WARREN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant Robert Warren's Motion for a Bill of Particulars (Doc. 33). For the following reasons, Mr. Warren's motion is denied.

### Facts and Analysis

Mr. Warren has been charged with child-pornography-related[1] offenses as the result of the FBI's execution of a search warrant at his home on July 18, 2008. During the search, the FBI seized evidence from two of Mr. Warren's hard drives. The Government alleges that each hard drive contained prohibited pornographic images. Based on this evidence, the Government filed an indictment charging Mr. Warren with seven counts under 18 U.S.C. § 2252. Counts One through Five allege that he received child pornography in violation of 18 U.S.C. § 2252(a)(2). Counts Six and Seven allege that he possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

---

[1] In the interest of concision, the Court uses "child pornography" to denote the visual depiction of a minor engaging in sexually explicit conduct, as prohibited by 18 U.S.C. § 2252. The Court is aware that 18 U.S.C. § 2256(8) defines the term "child pornography," but the Court's usage should not be read to adhere to that definition.

Following the indictment, Mr. Warren filed several motions, including a series of discovery motions, a motion to suppress, and a motion—presently before the Court—for a bill of particulars. The purpose of a bill of particulars is to inform the defendant of the substantive facts of the charges against him so that he can prepare a defense.[2] It is not to obtain information that may be available through other means or to force the government to disclose the theory of their case.[3] In order to prevail on a motion for a bill of particulars, a defendant must show that, absent a bill, he will be prejudiced.[4] Thus, courts properly exercise their discretion in declining to issue a bill of particulars when the defendant seeks information that is, for example, available through discovery.[5]

Mr. Warren claims that a bill of particulars is needed so that he can adequately prepare his defense and, if necessary, object to the indictment on multiplicity grounds. Initially, it is

---

[2] *See* Fed. R. Civ. P. 7(f); *see also, e.g., United States. v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)("The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.").

[3] *Id.* ("A bill of particulars, however, is not a discovery device but may serve to amplify the indictment by providing additional information.") (internal quotation marks omitted); *see also, e.g., United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("A bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial.") (internal quotation marks omitted); *United States v. Rogers,* 617 F.Supp. 1024, 1027 (D. Colo. 1985) ("It is well-settled that a bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial.") (internal quotation marks omitted).

[4] *See, e.g., United States v. Moore,* 556 F.2d 479, 483 (10th Cir. 1977).

[5] *See, e.g., United States v. Daniels,* 95 F.Supp.2d 1160, 1166 (D. Kan. 2000); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)  ("A bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form.") (internal quotation marks omitted).

worth noting that Mr. Warren has already objected to the purported multiplicity of the indictment (Doc. 31).  Moreover, it is difficult to discern what additional particulars Mr. Warren could possibly want.  Through discovery and suppression-hearing testimony, he has received, *inter alia*, the name of the file(s) on which each charge is predicated, the date and time of the alleged receipt or possession of each pertinent file, the site(s) from which the files were allegedly downloaded, the drives on which the files were allegedly stored, testimony and written evidence regarding the means by which Mr. Warren allegedly obtained or possessed the pertinent files, a report detailing the computer forensic examination of Mr. Warren's computers and a sanitized copy of the forensic report of the relevant computer media.  Mr. Warren has also gotten the vast majority of the Government's case file and his counsel has had the opportunity cross examine the Government's likely witnesses.

It is quite possible that Mr. Warren, who filed the present motion before receiving much of this information, realizes that a bill of particulars is no longer needed.  Either way, Mr. Warren has received more than enough information to prepare a defense and avoid surprise at trial.  Accordingly, his motion for a bill of particulars is denied.

## **ORDER**

A Memorandum Opinion having been entered on this day, it is hereby ORDERED that Defendant Robert A. Warren's Motion for a Bill of Particulars (Doc. 33) be, and hereby is, DENIED.

Dated: July 29, 2010               _____
                                   BRUCE D. BLACK
                                   UNITED STATES DISTRICT JUDGE